974 F.2d 1331
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NOWSCO WELL Service, Ltd., a foreign corporation, Plaintiff-Appellant,
v.
The HOME INS. CO., a New Hampshire corporation, Defendant-Appellee.
 No. 91-1833.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1992
Decided: August 25, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CA-90-1047)
 ARGUED: William Michael Tiano, Law Office of Robert V. Berthold, Charleston, West Virginia, for Appellant.
 Anthony J. Majestro, Jackson & Kelly, Charleston, West Virginia, for Appellee.
 ON BRIEF: Stephen R. Crislip, Jackson & Kelly, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 Affirmed.
 Before RUSSELL and LUTTIG, Circuit Judges, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This action results from a dispute as to whether Appellee Home Insurance Co. ("Home") was obligated under the terms of insurance policies to defend and indemnify Appellant Nowsco Well Service, Ltd., ("Nowsco") for defense and settlement costs on a previous action filed on March 24, 1986, in the United States District Court for the Northern District of West Virginia, and styled Parcoil Corp. v. Nowsco Well Serv., Ltd., Civ. No. 86-043-E(K). Nowsco, a Canadian corporation, purchased the insurance policies at issue from Reed Stenhouse, Ltd., a Canadian insurance broker. The face of the policies showed that Nowsco was a Canadian corporation located in Calgary, Alberta. In filing claims under the policies, Nowsco dealt with Home's Canadian division in Calgary, Alberta.
 
 
 2
 Home moved the court below for dismissal of Nowsco's action based on the doctrine of forum non conveniens . On September 24, 1991, the district court entered an order granting Home's motion, and in favor of adjudicating the action in Canada. The district court found that Nowsco's action against Home was fundamentally a contract case. The district court thus determined that, since the parties formed the insurance contract in Canada, Canadian law should be applied by Canadian courts to interpret the contract and tort issues presented in the action. Nowsco appeals.
 
 
 3
 We have reviewed the briefs of counsel and heard oral arguments, and we conclude that Appellant Nowsco's arguments are without merit. For numerous valid reasons involving all relevant public and private interest factors, the district concluded that this action is best resolved under Canadian law by Canadian courts. We agree with this conclusion, and affirm for the reasons set forth in the district court opinion, Nowsco Well Serv., Ltd. v. Home Ins. Co., Civ. No. 2:901047 (S.D.W.V. Sept. 24, 1991).
 
 AFFIRMED